FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-----------------------------------------------------X
Linda Williams,

                Plaintiff,

      -against-

Enhanced Recovery Company, LLC,

                Defendant.
-----------------------------------------------------X

2013 AUG 26 P 2: 01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FL

Civil Action No. 3:13-cv-1037-J-34JBT

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

      Plaintiff Linda Williams (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, and brings this action to recover monetary damages, and declaratory and injunctive relief, against the Defendant Enhanced Recovery Company, LLC (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"):

**PRELIMINARY STATEMENT**

      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

1

The Court in *Pollock v Bay Area Credit Serv., LLC.* ruled that there is no need to show intent for an FDCPA claim, that this is a strict liability statute. WL 2475167 (S.D. Fla. 2009).

## PARTIES

1. Plaintiff is a resident of Forrest County, in the State of Mississippi, residing at 34 J. L. Williams Road Hattiesburg, Mississippi 39401.

2. At all relevant times herein, Plaintiff maintained her residence at this address.

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of Mississippi.

4. Upon further information and belief, Defendant is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8014 Bayberry Rd , Jacksonville, Florida 32256.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

7. Upon information and belief, on a website maintained by the Defendant at the URL address of www.erccollections.com, Defendant informs visitors to the site "ERC provides the following receivables management collection services: Pre-Collect (First and Third Party), Primary Collection Services, Secondary Collection Services."

8. Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector", and is subject to the requirements of the FDCPA.

9. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

10. Defendant engaged in various "communications" with Plaintiff as that term is defined in 15 U.S.C. §1692a(2).

11. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect the Alleged Debt.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

13. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

15. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## FACTUAL ALLEGATIONS

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Upon information and belief, an unrelated party to Plaintiff named Emily, allegedly incurred a debt to an original creditor unknown to Plaintiff.

18. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

19. Beginning in or around early 2012, Defendant commenced collection activities against Plaintiff to recover the alleged debt Defendant from Plaintiff (referred to hereinafter as the "Alleged Debt").

20. Defendant began calling Plaintiff in the beginning of 2012, calling her several times per week.

21. Defendant made these communications in an attempt to reach Emily.

22. Plaintiff repeatedly told the Defendant that this was Plaintiff's phone line, and not a phone line belonging to anyone named Emily.

23. Plaintiff told Defendant that she did not know who Emily was.

24. Plaintiff told Defendant that she had never owed a debt to anyone.

25. Plaintiff requested that the Defendant stop calling her immediately, as the phone line Defendant was calling was one designated for an emergency line for her to check up on her husband's pacemaker and to get calls from his doctors.

26. Plaintiff's husband was having A-fib episodes and the line was being bogged down by Defendant's calls.

27. Defendant's constant calling caused Plaintiff's husband aggravation and woke him up from his necessary naps.

28. Plaintiff had no choice but to silence the ringer on her phone, despite the fact that she may have missed important phone calls from the doctor.

29. On January 22, 2013, Plaintiff changed her answering machine greeting to "I am being represented by the law offices of Fredrick Schulman & Associates, and under the FDCPA, all correspondence and calls should go to my attorney which can be reached at 212-796-6053".

30. Despite this new greeting, Defendant continued to call Plaintiff.

31. The foregoing action by Defendant violated 15 U.S.C. §1692c(a)(2), which prohibits contacting a consumer after the consumer is represented by an attorney.

32. The foregoing action by Defendant violated 15 U.S.C. §1692d, which prohibits the use of any conduct the natural consequence of which is to harass, oppress or abuse any person.

33. The foregoing action by Defendant violated 15 U.S.C. §1692d(5), which prohibits causing the phone to ring repeatedly, or engaging a person in conversation repeatedly.

34. The foregoing action by Defendant violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

35. The foregoing action by Defendant violated 15 U.S.C. §1692e(2), which prohibits misrepresenting the character, amount or legal status of an alleged debt.

36. The foregoing action by Defendant violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

37. The foregoing action by Defendant violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

38. The foregoing action by Defendant violated 15 U.S.C. §1692f(1) which prohibits attempting to collect an amount not authorized by an agreement and not permitted by law.

39. As a result of Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

40. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff and her husband suffered and continues to suffer from humiliation, anger, anxiety, endangerment, emotional distress, fear, frustration, declining health, aggravation to a medical condition and embarrassment.

## FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(a)(2)

41. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "40" herein with the same force and effect as if the same were set forth at length herein.

42. Defendant violated 15 U.S.C. §1692c(a)(2) in that the Defendant called the Plaintiff after being informed that she was being represented by an attorney.

43. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "43" herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's conduct violated 15 U.S.C. §1692d in that the Defendant used conduct the natural consequence of which is to harass oppress and abuse a person, by continuing its several-times-a-day telephone calls to the Plaintiff, ruthlessly, and with utter disregard to both the Plaintiff's request to stop calling, and for Plaintiff's and her husband's health and wellbeing.

46. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d(5)

47.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "46" herein with the same force and effect as if the same were set forth at length herein.

48.     Defendant violated 15 U.S.C. §1692d(5) in that the Defendant placed numerous calls to the Plaintiff excessively and without any respite, for the time period of over a year, and continued doing so despite its knowledge that they were calling an emergency line used by a heart patient to monitor critical information on his pacemaker.

49.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

50.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "49" herein with the same force and effect as if the same were set forth at length herein.

51.     Defendant violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representation in attempt to collect the alleged debt from Plaintiff.

52.     As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)

53. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "52" herein with the same force and effect as if the same were set forth at length herein.

54. Defendant violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount and legal status of an alleged debt, by telling the Plaintiff that she owed a debt, when in fact she never owed any debt to Defendant.

55. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

56. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "55" herein with the same force and effect as if the same were set forth at length herein.

57. Defendant violated 15 U.S.C. §1692e(10) in that Defendant used false representation and deceptive means in its attempt to collect an alleged debt from Plaintiff.

58. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

59. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "58" herein with the same force and effect as if the same were set forth at length herein.

60. Defendant violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means by its attempt to collect someone else's alleged debt from Plaintiff.

61. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### EIGHTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

62. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "61" herein with the same force and effect as if the same were set forth at length herein.

63. Defendant violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law; in fact, an alleged debt never owed by the Plaintiff.

64. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### DEMAND FOR TRIAL BY JURY

65. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Linda Williams demands judgment from the Defendant Enhanced Recovery Company, LLC, as follows:

 A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

 B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

 C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D.  For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
August 14, 2013

                        Respectfully submitted,

                        By:  s/Jerald Alan Belofsky
                            Jerald Alan Belofsky, Esq. (249262)
                            Fredrick Schulman & Associates
                            Attorneys at Law
                            Attorney for Plaintiff
                            30 East 29TH Street
                            New York, New York 10016
                      (212) 796-6053
                            info@fschulmanlaw.com