UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
-------------------------------------------------------X
Linda Williams,

                                                Civil Action No.: 13-cv-01037(MMH)(JBT)

                Plaintiff,

     -against-                        **FIRST AMENDED COMPLAINT**
                                             **AND DEMAND**
                                             **FOR TRIAL BY JURY**

Enhanced Recovery Company, LLC,

                Defendant.
-------------------------------------------------------X

      Plaintiff Linda Williams (hereinafter referred to as "Plaintiff"), by and through her attorneys, Fredrick Schulman & Associates, Attorneys at Law, brings this action to recover monetary damages, and declaratory and injunctive relief, against the Defendant Enhanced Recovery Company, LLC. (hereinafter referred to as "Defendant"), arising from Defendant's violations of 15 U.S.C. §1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA"):

**PRELIMINARY STATEMENT**

     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy.  Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a)-(e).

1

The Court in *Pollock v Bay Area Credit Serv., LLC.* ruled that there is no need to show intent for an FDCPA claim, that this is a strict liability statute. WL 2475167 (S.D. Fla. 2009).

## PARTIES

1. Plaintiff is a resident of Forrest County, in the State of Mississippi, residing at 34 J. L. Williams Road Hattiesburg, Mississippi 39401.

2. At all relevant times herein, Plaintiff maintained her residence at this address.

3. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of Delaware and authorized to conduct business in the State of Mississippi.

4. Upon further information and belief, Defendant is engaged in the business of collecting debts incurred and alleged to be incurred, for personal, family or household purposes, and is a collection firm with its principal place of business at 8014 Bayberry Rd, Jacksonville, Florida 32256.

5. At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

6. Upon information and belief and at all relevant times, Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

7. Upon information and belief, on a website maintained by the Defendant at the URL address of www.erccollections.com, Defendant informs visitors to the site "ERC provides the following receivables management collection services: Pre-Collect (First and Third Party), Primary Collection Services, Secondary Collection Services."

8. Upon information and belief, Defendant holds itself out as an entity engaged in the business of being a "debt collector", and is subject to the requirements of the FDCPA.

9. Upon information and belief, Defendant was attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(5) of the FDCPA.

10. Defendant engaged in various "communications" with Plaintiff as that term is defined in 15 U.S.C. §1692a(2).

11. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect the Alleged Debt.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq*. and 28 U.S.C. §2201.

13. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. §1367(a).

14. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

15. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## FACTUAL ALLEGATIONS

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Upon information and belief, an unrelated party to Plaintiff named Emily, allegedly incurred a debt to an original creditor unknown to Plaintiff.

18. Upon information and belief, the nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

19.     Beginning in or around early 2012, Defendant commenced collection activities against Plaintiff to recover the alleged debt Defendant from Plaintiff (referred to hereinafter as the "Alleged Debt").

20.     Defendant began calling Plaintiff in the beginning of 2012, calling her several times per week.

21.     Defendant made these communications in an attempt to reach Emily.

22.     Plaintiff repeatedly told the Defendant that this was Plaintiff's phone line, and not a phone line belonging to anyone named Emily.

23.     Plaintiff told Defendant that she did not know who Emily was.

24.     Plaintiff told Defendant that she had never owed a debt to anyone.

25.     Plaintiff requested that the Defendant stop calling her immediately, as the phone line Defendant was calling was one designated for an emergency line for her to check up on her husband's pacemaker and to get calls from his doctors.

26.     Plaintiff's husband was having A-fib episodes and the line was being bogged down by Defendant's calls.

27.     Defendant's constant calling caused Plaintiff's husband aggravation and woke him up from his necessary naps.

28.     Plaintiff had no choice but to silence the ringer on her phone, despite the fact that she may have missed important phone calls from the doctor.

29.     On January 22, 2013, Plaintiff changed her answering machine greeting to "I am being represented by the law offices of Fredrick Schulman & Associates, and under the FDCPA, all correspondence and calls should go to my attorney which can be reached at 212-796-6053".

30.     Despite this new greeting, Defendant continued to call Plaintiff.

4

31.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, the Plaintiff has been damaged.

32.     As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff and her husband suffered and continues to suffer from humiliation, anger, anxiety, endangerment, emotional distress, fear, frustration, declining health, aggravation to a medical condition and embarrassment.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692c(a)(2)

33.     Defendant violated 15 U.S.C. §1692c(a)(2) in that the Defendant called the Plaintiff after being informed that she was being represented by an attorney.

34.     Defendant's violation of 15 U.S.C. §1692c(a)(2) caused Plaintiff and her husband to become anxious, upset, and suffer emotional distress.

35.     As a result of the Defendant's violation of 15 U.S.C. §1692c(a)(2), Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k) *et seq.*

### SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d

36.     Defendant violated 15 U.S.C. §1692d in that the Defendant used conduct the natural consequence of which is to harass oppress and abuse a person, by continuing its several-times-a-day telephone calls to the Plaintiff, ruthlessly, and with utter disregard to both the Plaintiff's request to stop calling, and for Plaintiff's and her husband's health and wellbeing.

37.     Defendant's violation of 15 U.S.C. §1692d caused Plaintiff and her husband to become greatly frustrated and anxious, and led to great emotional distress.

38. As a result of the Defendant's violation of 15 U.S.C. §1692d, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692d(5)

39. Defendant violated 15 U.S.C. §1692d(5) in that Defendant placed numerous calls to the Plaintiff excessively and without any respite, for the time period of over a year, and continued doing so despite its knowledge that they were calling an emergency line used by a heart patient to monitor critical information on his pacemaker.

40. Defendant's violation of 15 U.S.C. §1692d(5) caused the Plaintiff to become nervous, anxious, upset, and suffer emotional stress.

41. As a result of Defendant's violation of 15 U.S.C. §1692d(5), Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the 15 U.S.C. §1692k *et seq.*.

### FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

42. Defendant violated 15 U.S.C. §1692e in that the Defendant used false, deceptive and misleading representation in its attempt to collect an alleged debt from Plaintiff that Plaintiff never owed.

43. Defendant's violation of 15 U.S.C. §1692e caused Plaintiff severe mental anguish and emotional distress.

44. As a result of the Defendant's violation of 15 U.S.C. §1692e, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the 15 U.S.C. §1692k *et seq.*.

### FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)

45. Defendant violated 15 U.S.C. §1692e(2) in that Defendant misrepresented the character, amount and legal status of an alleged debt, by telling the Plaintiff that she owed a debt, when in fact she never owed any debt to Defendant.

46. As a result of the Defendant's violation of 15 U.S.C. §1692e(2), Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*

### SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

47. Defendant violated 15 U.S.C. §1692e(10) in that Defendant made false, deceptive, and misleading representations in connection with the collection of the Alleged Debt, when it falsely asserted that Plaintiff owed the Alleged Debt.

48. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*.

### SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

49. Defendant violated 15 U.S.C. §1692f in that the Defendant used unfair and unconscionable means by its attempt to collect someone else's alleged debt from Plaintiff.

50. As a result of Defendant's violation of 15 U.S.C. §1692f, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*

.

## EIGHTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f(1)

51. Defendant violated 15 U.S.C. §1692f(1) in that Defendant attempted to collect an amount not authorized by an agreement and not permitted by law; in fact, an alleged debt never owed by the Plaintiff.

52. As a result of the Defendant's violation of 15 U.S.C. §1692f(1), Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k *et seq.*

## DEMAND FOR TRIAL BY JURY

53. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Linda Williams demands judgment from the Defendant Enhanced Recovery Company, LLC, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
            September 11, 2013

                              Respectfully submitted,

                              By:  _s/Jerald Alan Belofsky_____
                                  Jerald Alan Belofsky, Esq. (249262)
                                    Fredrick Schulman & Associates
                                    Attorneys at Law
                                    Attorney for Plaintiff
                                   30 East 29TH Street
                                   New York, New York 10016
                                  (212) 796-6053
                                   info@fschulmanlaw.com